j>udge Underwood,
delivered the opinion of the court.
In March, 1817, Bowman instituted an action of covenant on an obligation for $ 100,'‘payable In notes .on the Bank of the Commonwealth, against Elledge, CoS and Richardson. At the April term,-to *594 which the process was relumed executed upon allthí? defendants, the record states, that, “the plain-iff by .his attorney, came, as weJl as the defendant in his proper-person, and the said defendant acknowledges theplain•tiffs action against him, for $ll)U with interest, &c.” Whereupon tnc court proceeds to enter up a judgment ■against tne “said .'Jeferuantf for the $iOO with interest in bank paper. At the October term, 1827, it was ordered on motion of the plaintiff, “that the clerk reinstate this suit on the docket, it appearing to the court,that it was improperly taken off” At ihe April term, 1828, four pleas were filed. The first was by •Elledge alone, who plead in bar, that he had confessed a judgment at the . ,pril term, 1827, for the same demand with interest, tec. The second pica was by-all the defendants, and was in substance, that Elledge at the April term, 1827, had confessed a judgment for the full amount of lite demand. The third plea was the same will t’'C second, except that it was plead by Cox and Richardson. The fourth plea was plead by Cox and Richardson. It slates thai Elledge confessed the judgment att ¡e April term, 1827, and ihnt the suit went off the docket at that term', and was not reinstated until the October term. The plaintiff demurred to nil the pleas. The court sustained the first plea, and •gave judgment in favor of Elledge upon it. The seccond, third and fourth pleas were adjudged insufficient. Cox and Richardson made no further defence. Thereupon, a jury was sworn to inquire of damages, and a •verdict rendered for $J10. The court then rendered a judgment against Cox and Richardson for the araouht of damages so assessed, to be discharged in bank paper, &c. it thus appears that the plaintiff. Bowman, now defendant in error, has obtained two judgments upon the same obligation in the same suit, one for $100 with interest until paid, and the other for $110 in damages, the one rendered atibe April term, 1827, and the other at the April term, 1828. It is clearly erroneous thus to cutup a joint action, and to render several judgments against the defendants, or against one or moie of them, or mo.e than one judgment against all the defendants. We have felt some difficulty in deciding upon the effect which the first judgment should have. From its language, only one of the defendants acknowledged the plaintiff’s action. *595 Which of the defendants did this, cannot be told from the face of the record. If Elledge alo ie confessed the judgment at April term, 1827, and the plain .iff accept-cd his confession and took judgment against him sepa-r&tely, the action was thereby discontinued as to the -other defendants, and the cause as to them., being once -off the docket, it was erroneous $t a subsequent term to reinstate it, and proceed to trijil against them at the April term, 1823. Upon no vWr of tne c-tse, can the judgment at April term, 182d, Wq supported. In rolation to the judgment of 18’27, we were in doubt whether it was not good as a judgment against all the defend-l judgment against all the defendants according to the case, of McCouns vs. Holmes and Chinn, IV Litell, 339. But the reason upon which that judgment was mainly supported, does not exist in this case. The McCouns were partners, the entry was against both, with a description of the partnership, and it appeared that both had come into court "when tne judgment was confessed. 1 hese reasons induced the court to regard the judgment as rendered against both, notvyithstanding the term defendant was used instead o£ cLfendmts. None of these reasons apply in the present case; and therefore, we deem it proper to set aside the judgment of 1827, as well as that of 1828. If the judgment of 1827 had been rendered upon default, as the act of the court without the confession of either defendant, and then the clerk in-making the entry, had used the term defendant instead of defendants,At is probable, that a judgment rendered under such circumstances m;ght be construed to include and bind all those upon whom the process had been executed. But on such a case we give no posi-live opinion; for, however that may be, we think that wherever a judgment is rendered, based - upon the act of the parties in making confession, instead of the service of process, it should be shewn upon the face of the record, that all the defendants who are to be bound, had actually confessed, or that some one of them particularly named had done so. This has not been done, Wherefore, hath the judgments are reversed and set aside, and the cause remanded for new proceedings not . . . , ... 1 ° inconsistent herewith.
'Iu a joint notion on an obligation it is error, to render several judgments against the defendants, or to render more than one judgment against, all of the defendants. ■
In a joint actlon “gainst j^ndants confess judgment and cepUds codfosion and take juddPjf’1* !l!iain: sé^ír-ite iy, the action is thereby defendants,1 and it is error al a f«bse-. reinstate the case on the triaTof the cause as u.
S nnfissionvliid, the face of that all of the defendants bound^have8 actually'confessed judgmcnt>or that some one of tllem p;litiou-
Apperson, for plaintiffs; Capcrkm, for defendants..
The plaintiffs'in error must recover their costs.